UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:22-cv-01240-JGB-JDE | Date | July 29, 2022 |
|---|---|---|---|
| Title | Raul Alcala v. Raymond Madden | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|

| Maria Barr | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| n/a | n/a |

**Proceedings:**          (In Chambers) Order to Show Cause

On September 22, 2021, Raul Alcala ("Petitioner"), proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 in the Southern District of California. Dkt. 1 ("Petition" or "Pet."). The case was transferred to the Central District of California on September 28, 2021 and referred to the undersigned magistrate judge on July 18, 2022. Dkt. 3, 5. The Petition facially asserts two grounds for relief, one of which Petitioner concedes he has not raised in the California Supreme Court. Pet. at 7.

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground for relief presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22 (1982). The habeas statute provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Exhaustion requires that the petitioner's claims be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979); see also Libberton v. Ryan, 583 F.3d 1147, 1164 (9th Cir. 2009). A claim has not been fairly presented to a state court unless the petitioner has described both the operative facts and the federal legal theory on which the claim is based. Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 275-78 (1971); Greenway v. Schriro, 653 F.3d 790, 801 (9th Cir. 2011). Petitioner has the burden of demonstrating that he has exhausted his available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:22-cv-01240-JGB-JDE | Date | July 29, 2022 |
|---|---|---|---|
| Title | Raul Alcala v. Raymond Madden | | |

Under the total exhaustion rule of Rose v. Lundy, the inclusion of both exhausted and unexhausted claims in a habeas petition renders it mixed and subject to dismissal without prejudice. See Rose, 455 U.S. at 510, 522.

In this case, because Petitioner indicates he has not raised Ground Two in the California Supreme Court, it appears the Petition is partially unexhausted, rendering it subject to dismissal. The Court presents the following options to Petitioner:

**Option 1:**
If Petitioner contends that he has, in fact, exhausted his state court remedies with respect to both grounds for relief, he should clearly explain his position in response to this Order, attaching copies of any documents establishing that his claims are indeed exhausted.

In his response, Petitioner also may include a notice that, if the Court still finds the Petition to be mixed, he alternatively selects one or more of the other options discussed below.

**Option 2:**
Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). Petitioner is advised, however, that there is a one-year statute of limitations on habeas claims by a prisoner in state custody. 28 U.S.C. § 2244(d). The limitations period is tolled while a "properly filed" application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending, 28 U.S.C. § 2244(d)(2), but the limitations period is not tolled under section 2244(d) while a petition is pending in federal court. Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

**Option 3:**
Petitioner may request a voluntary dismissal of Ground Two and elect to proceed on his exhausted claim (Ground One). The Court advises Petitioner that if he elects to proceed now with only Ground One, any future habeas petition containing other claims that could have been raised in the instant Petition may be rejected as a second or successive petition under 28 U.S.C. § 2244(b) or may be time-barred.

**Option 4:**
In Rhines v. Weber, 544 U.S. 269, 277-78 (2005), the Supreme Court held that, in "limited circumstances," courts have the discretion to stay a "mixed petition" containing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:22-cv-01240-JGB-JDE | Date | July 29, 2022 |
|---|---|---|---|
| Title | Raul Alcala v. Raymond Madden | | |

both exhausted and unexhausted claims, and to hold it in abeyance while a petitioner exhausts the remaining claims in state court.

Petitioner may request to stay the proceedings and hold the Petition in abeyance while he returns to state court to exhaust his state remedies with respect to Ground Two. To obtain a stay pursuant to Rhines, Petitioner is required to show the following: (a) he has good cause for failing to exhaust the unexhausted claim in state court; (b) the unexhausted claim is potentially meritorious and not "plainly meritless"; and (c) he has not engaged in abusive litigation tactics or intentional delay. See Rhines, 544 U.S. at 277-78. The granting of a Rhines stay will result in an order requiring Petitioner to exhaust his unexhausted claim in state court, and this action may be administratively closed pending the filing of a motion from Petitioner to vacate the stay, demonstrating Ground Two has been exhausted.

Petitioner also may request a Rhines stay, and include a notice that, if the Court determines that not all the requirements for a Rhines stay have been met, he alternatively selects one of the other options.

**Option 5:**
Petitioner also may seek a stay and abeyance pursuant to the procedure set forth in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (as amended), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007). Petitioner may dismiss his unexhausted claim and ask the Court to stay his now fully exhausted Petition while he returns to the state courts to exhaust his dismissed claim. Once the claim has been exhausted in state court, Petitioner may return to federal court and seek leave to amend the Petition to include the newly-exhausted claim. See Kelly, 315 F.3d at 1070-71; see also King v. Ryan, 564 F.3d 1133, 1140-43 (9th Cir. 2009). However, Petitioner is advised that he will only be able to amend his unexhausted claim back into his federal petition if the claim is timely or if the claim shares a common core of operative facts with Ground One in the pending Petition. King, 564 F.3d at 1140-41.

Petitioner also may request a Kelly stay, and include a notice that, if the Court denies the Kelly stay, he alternatively selects one of the other options.

Petitioner is cautioned that if he requests a stay under Rhines and/or Kelly and the Court denies the request for a stay, or if Petitioner contends that he has in fact exhausted his state court remedies on all grounds and the Court disagrees, the Court may recommend that the Petition be dismissed as a mixed petition. As such, as noted above, Petitioner may select options in the alternative.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:22-cv-01240-JGB-JDE | Date | July 29, 2022 |
|---|---|---|---|
| Title | Raul Alcala v. Raymond Madden | | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Accordingly, in order to select Option 1, Petitioner must file a response to this Order, explaining his efforts to exhaust Ground Two and attaching any relevant documents showing Ground Two is exhausted. In order to select Options 2 or 3, Petitioner may file a Notice of Dismissal Form and fill it out according to his choice. The Court Clerk is directed to provide Petitioner a copy of this form for his convenience.

In order to select Options 4 or 5, Petitioner must file a request for a stay pursuant to Rhines and/or Kelly, and the Court may require Petitioner to file periodic status reports regarding his efforts to exhaust his claim. With Options 1, 4, or 5, Petitioner may select one or more alternative options in the event the Court finds Ground Two unexhausted and/or denies the request for a stay.

Whichever option(s) Petitioner selects, Petitioner must file and serve the responding document clearly stating the option(s) selected **no later than 30 days** from the date of this Order.

**The Court warns Petitioner that failure to timely file and serve a response as directed in this Order will result in a recommendation that this action be dismissed without prejudice as a "mixed" petition, for failure to prosecute, and/or for failure to obey court orders.**

IT IS SO ORDERED.